UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARIO RODRIGUEZ<br><br>Plaintiff,<br><br>v.<br><br>MUTUAL OF OMAHA<br><br>Defendant. | Case No. 22-cv-6121<br><br>Judge Mary M. Rowland |

### MEMORANDUM OPINION AND ORDER

Plaintiff Mario Rodriguez sued his insurance provider, Defendant Mutual of Omaha, for its denial of critical illness benefits. [1]. The Court allowed Plaintiff until August 17, 2023 to move for leave to file an amended complaint. Now before the Court is Plaintiff's motion for leave to amend, filed late on September 19, 2023. [27]. For the reasons that follow, the Court denies leave to amend.

I.  Background

On September 4, 2022, Plaintiff filed a complaint alleging breach of contract and bad faith conduct under Section 155 of the Illinois Insurance Code, 215 ILCS 5/155. [1]. The parties proceeded to discovery in January 2023. [13]. On July 18, 2023, during a telephonic status hearing, Plaintiff requested leave to amend the original complaint. [18]. The Court set a deadline of August 17, 2023 for Plaintiff to file a motion for leave to amend. *Id.* On September 19, 2023, Plaintiff filed a late motion for leave to amend. [27]. He seeks to plead two additional counts arising out of Defendant's denial of benefits: breach of the implied covenant of good faith and fair

1

dealing, and intentional infliction of emotional distress. *Id.* Defendant opposes, arguing that the motion is untimely,[1] and the proposed amendments would be futile. [36]. For the following reasons, the Court denies leave to amend the original complaint.

## II. Legal Standard

Generally, courts should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). District courts have broad discretion to "deny leave to amend if amendment would be futile." *Kap Holdings, LLC v. Mar-Cone Appliance Parts Co.*, 55 F.4th 517, 529 (7th Cir. 2022) (internal citation omitted); *Bethany Pharmacal Co., Inc. v. QVC, Inc.*, 241 F.3d 854, 861 (7th Cir. 2001) ("[T]he district court need not allow an amendment when there is undue delay, bad faith, dilatory motive, undue prejudice to the opposing party, or when the amendment would be futile."). An amendment is futile when it "fails to state a valid theory of liability or when it could not withstand a motion to dismiss." *Villars v. Kubiatowski*, 128 F.Supp.3d 1039, 1043 (N.D. Ill. 2015) (quoting *Bower v. Jones*, 978 F.2d 1004, 1008 (7th Cir.1992)) (cleaned up).

## III. Analysis

### A. Plaintiff's Claim for Breach of Implied Covenant of Good Faith and Fair Dealing is Subsumed by His Breach of Contract Claim

---

[1] The Court acknowledges that Plaintiff filed his motion a month after the initial deadline set by the Court. Plaintiff alleges that technical difficulties prevented him from filing the motion on time. He attaches email correspondence with a supervising courtroom deputy to support his contention that he was not able to access the ECF filing system until August 29, 2023. [27] at 4-21. Despite the motion being untimely, the Court will address its merits as leave to amend should be freely granted. Fed. R. Civ. P. 15(a)(2).

2

Plaintiff seeks leave to plead a new claim for breach of the implied covenant of good faith and fair dealing. [27]. He alleges that Defendant acted in bad faith when it denied his claim for benefits, delayed response to his requests to appeal the decision, failed to thoroughly investigate his claim, and failed to credit Rodriguez's version of his medical history. *Id.* ¶¶ 4-12. Plaintiff alleges that these actions were all contrary to his reasonable expectations under the insurance contract and thus constituted a breach of good faith. *Id.* ¶ 3. Defendant responds that the claim would fail as a matter of law because the Illinois Insurance Code preempts separate claims of bad faith. [36]. The Court agrees that the claim is preempted.

Illinois law reads the covenant of good faith and fair dealing into every contract, but the obligation is not "generally recognized as an independent source of duties giving rise to a cause of action in tort." *Beraha v. Baxter Health Care Corp.*, 956 F.2d 1436, 1443 (7th Cir. 1992); *Siegal v. GEICO Cas. Co.*, 523 F. Supp. 1032, 1038-1039 ("This covenant does not, however, create an independent cause of action or an additional source of duties for the parties to the contract."). The covenant merely guides courts to consider the parties' expectations when constructing explicit terms of the contract. *Id.* (citing *Beraha*, 956 F.2d at 1443). Plaintiff's original breach of contract claim, relying on the same factual allegations, thus subsumes a claim for breach of the implied covenant.

Also, Plaintiff's original claim under Section 155 of the Illinois Insurance Code, [1] ¶¶ 89-100, necessarily preempts a separate claim for bad faith. Section 155 allows plaintiffs suing for breach of an insurance contract to collect extracontractual

3

damages including attorney fees, costs, and punitive damages if the insurance company's refusal to pay is "vexatious, unreasonable, or in bad faith." 215 Ill. Comp. Stat. § 5/155. The Illinois Supreme Court has made clear that plaintiffs suing under Section 155 cannot bring tort actions for the same "unreasonable or vexatious" conduct addressed by the Insurance Code provision. *Cramer v. Insurance Exch. Agency*, 174 Ill. 2d. 513, 519, 524, 675 N.E.2d 897, 900, 902-03, (1996). Section 155 provides the exclusive extracontractual remedy for allegations of bad faith or unreasonable and vexatious conduct that do not constitute a "separate and independent tort." *Id.* To avoid preemption, a separate tort must "rest on facts and require proof of elements different from the breach of contract and vexatious refusal claims." *KMK Metal Fabricators, Inc. v. Federated Mut. Ins. Co.*, 19-CV-00844-NJR, 2020 WL 1862733, at *3 (S.D. Ill. Apr. 14, 2020) (dismissing claim for breach of implied covenant as preempted by Section 155). Here, Plaintiff alleges the same facts about Defendant's refusal to pay out benefits to make out a claim for breach of the implied covenant of good faith and fair dealing as he alleged in his original Section 155 claim. *Compare* [1] ¶ 95 with [27] ¶¶ 2-4, 8-12. He does not plead tortious conduct distinct from the "bad faith or unreasonable and vexatious conduct" Section 155 already provides a remedy. Plaintiff's claim is thus futile. The Court will not grant leave to amend on this basis.

### B. Plaintiff Does Not Plead Different Facts to Establish an IIED Claim

Plaintiff also seeks to amend the complaint to add a claim for intentional infliction of emotional distress (IIED). Defendant responds that Plaintiff fails to

4

allege facts sufficient to establish the elements of an IIED claim. The Court denies leave to amend to include an IIED claim.

Plaintiff bases his IIED claim on Defendant's denial of benefits and the resulting financial and emotional distress he and his wife suffered. In *Combs v. Ins. Co. of Illinois*, the Illinois Court of Appeals analyzed a similar IIED claim relying on the fallout from insurance company's denial of home insurance benefits. 146 Ill. App. 3d 957, 497 N.E.2d 503 (1st Dist. 1986). The court found the claim was identical to a claim for breach of the implied covenant of good faith and fair dealing. *Id.* at 963-64.

> As such, the basis of the allegations remains grounded in unreasonable and vexatious refusal or delay in paying the insurance proceeds. The conduct alleged in Count III is therefore the same as that governed by section 155. Having already established that any count alleging nothing more than the conduct proscribed by section 155 is pre-empted by the statute, we must conclude that the trial court properly dismissed [the IIED count] of plaintiff's amended complaint.

*Id.* Here, Plaintiff's IIED claim is similarly preempted by Section 155. Once the Court removes conclusory statements alleging Defendant's conduct was "extreme and outrageous," [27] at 25 ¶ 14, 26 ¶ 18, the proposed IIED count boils down to claim for breach of good faith. The "outrageous" conduct charged by Plaintiff amounts to a denial of his insurance benefits. *Id.* As the Court analyzed above, claims of bad faith that parrot conduct exclusively addressed by Section 155 are preempted by the statute, and would thus fail a motion to dismiss. The Court will accordingly not allow leave to amend to plead a futile IIED claim.

### IV. Conclusion

For the reasons explained above, this Court denies Plaintiff's motion for leave to amend. [27].

E N T E R:

Dated: November 6, 2023

*Mary M Rowland*

MARY M. ROWLAND
United States District Judge